The opinion of the Court was delivered by
Muítro, J.
The allegations in the first count in the declaration are, that under a parol agreement with the defendant, ■and another, who were joint proprietors of a tract of land, the plaintiff erected a mill thereon. That the defendant had agreed to reduce said contract or license into writing, but had afterwards wrongfully and injuriously refused to do so, and obstructed the plaintiff in the use of his mill.
The right to erect a mill on the land of another, is an incorporeal hereditament, and falls directly within the express provisions of the Statute of Frauds, and must therefore be in writing. In 3 Kent, 352, the doctrine is thus stated: — “A claim for an easement, must be founded upon a grant by *475 deed, or writing, or upon presumption wbicb supposes one, for it is a permanent interest in another’s land, with a right at all times to enter and enjoy it.”
Of the necessity of some instrument in writing to perfect the right in question, the parties appear to have been fully aware, for it was the defendant’s refusal to comply with his promise to reduce it into writing that constitutes the gravamen of the plaintiff’s complaint.
Whether the plaintiff would be entitled to redress, in another forum, for having erected a mill on the defendant’s land, upon the faith of a parol license, coupled with the assurance that the agreement would be reduced into writing, and the defendant’s subsequent refusal so to do, is a matter about which we express no opinion — it being sufficient for us to say, that we know of no form of action by which adequate redress can be afforded fdr such a wrong in a Court of Law.
Nor can we perceive that the matters complained of in the second count are less liable to objection; with this difference however, — that although they do exhibit a valid cause of action, and proper to be redressed by a Court of Law; it is nevertheless obvious, that the form of action has been entirely misconceived. The wrongful removal of plank *for a dam— which is the matter complained of — although furnishing good ground for an action of trespass vi et armis, can hardly be redressed by an action on the case, the appropriate function of which is, the redress of injuries that are indirect and consequential — not such as are direct and immediate.
We are therefore satisfied that the non-suit was properly granted on circuit, and that the motion to set it aside must be dismissed — and it is so ordered.
O’Neall, Wardlaw, Whitner, and Glover, JJ., concurred.

Motion dismissed.

* From.